BENJAMIN TRIPP, City Treasurer, *v.* DWIGHT I. BROWN.

B. resided in the town of N. P, for the larger portion of the twelve months preceding the first day of April, A. D. 1866. He afterwards changed his place of residence to the city of P. *Held*, that by the provisions of the Tax Act, Revised Statutes, Title 8, Chapter 38, Section 10, he was properly taxed in the town of N. P. in the year 1866, for personal property, the statute being held to apply as well to persons having only one residence, who by removal have it successively in different towns, as to persons having at the same time different residences in different towns.

*Arnold, Collector,* v. *Davis,* 8 R. I. 341, affirmed.

ACTION of the case brought by the treasurer of the city of Providence to recover the amount ($188) of a tax assessed against the defendant by the city of Providence, on the first day of September, 1866.

A jury trial having been waived, the case was submitted to the court, both upon fact and law, upon an agreed statement of facts, from which it appeared that the defendant was taxed in September, 1866, both in North Providence and in Providence, on his personal property, and that he had resided in North Providence up to the 15th of December, 1865, when he removed his residence to Providence, where he has since resided.

*Parkhurst, for the plaintiff.*

*James Tillinghast, for the defendant.*

DURFEE, J. The statute (Rev. Stat. Ch. 38, § 10,) provides that " all ratable personal property shall be taxed in the town where the owner shall have had his actual place of abode for the larger portion of the twelve months next preceding the first day of April in each year." According to the admissions, the defendant was a resident of, and had his actual place of abode in, the town of North Providence for the larger portion of the

twelve months preceding the first day of April, 1866, and, therefore, it would seem to follow, under the statute, that he was properly taxed in North Providence in the year 1866, for personal property. The plaintiff contends, that the statute was designed to apply to persons having at the . same time different residences or actual places of abode in different towns, and should not be construed to apply to the case of a person having only one residence, who by removal has it successively in different towns. The statute may have been specially designed to affect the class of tax-payers referred to, but, nevertheless, it establishes a rule which is sufficiently general to embrace others besides that class, including the defendant; and we do not feel at liberty to say that it shall not have as broad an application as its language fairly warrants, merely because we may be able, historically, to trace its origin to a purpose which would be satisfied by allowing it a more restricted application.

We give the defendant, *judgment for his costs.*